**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Katie Liuzza | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Division: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AutoTrader, LLC, | ) | |
| Cox Automotive, LLC, | ) | |
| Cox Enterprises, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Katie Liuzza ("Plaintiff" or "Liuzza"), through counsel, and for her cause of action states as follows:

## INTRODUCTION

AutoTrader, LLC and Cox Automotive, LLC both subsidiaries of Cox Enterprises, Inc. (collectively "Cox") are no strangers to scandal. Cox has been sued for, among other things, ethnic discrimination[1], age discrimination[2], gender discrimination[3], and disability discrimination[4]. In 2002, the Equal Employment Opportunity Commission ("EEOC") sued Cox for creating a "hostile working environment" for Latinos[5]. Cox continues to pursue its reckless and illegal employment discrimination practices.

---

[1] "EEOC sues Cox Communications for alleged discrimination," Atlanta Business Chronicle, May 29, 2002.
[2] 52-Year-Old Cox Atlanta Account Exec Sues Over Age Discrimination." Inside Radio. June 3, 2019.
[3] Reilly v. Cox Enterprises, C.A. No. 13-785S, (D.R.I. Apr. 16, 2014).
[4] I*d.*
[5] "EEOC sues Cox Communications for alleged discrimination," Atlanta Business Chronicle, May 29, 2002.

Cox also has a history of destroying people's reputations. In 2019, a major motion picture was released chronicling the life of Richard Jewel[6]. Jewel's life was turned upside down when, among others, Cox Media vilified him in the press by claiming he was responsible for the 1996 Olympic bombing in Atlanta. Cox Media has stuck behind its reckless approach to date by failing to acknowledge that it made defamatory statements against Richard Jewel and failing to settle claims associated with its reckless conduct.

Cox has a history and pattern of reckless behavior and remains determined to discriminate against its employees and to destroy reputations.

## JURISDICTION AND VENUE

1. This action is brought to remedy discrimination on the basis of gender in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.("Title VII"), ) the Equal Pay Act, 29 U.S.C. §206, and the Missouri Human Rights Act (RsMo §213.010 et. seq.;

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g) and Missouri Law;

3. Liuzza, a female and a resident of the State of Missouri, filed a charge of discrimination against defendant Cox with the Equal Employment Opportunity Commission ("EEOC") on or about June 13, 2020 complaining of the acts of gender discrimination alleged herein;

---

[6] See Wikipedia Richard Jewell (film). *Richard Jewell* is a 2019 American biographical drama film directed and produced by Clint Eastwood, and written by Billy Ray.

4. Liuzza, a female and a resident of the State of Missouri, filed a charge of discrimination against defendant Cox with the Missouri Commission on Human Rights ("MCHR") on or about June 13, 2019, complaining of the acts of gender discrimination alleged herein;

5. On or about February 6, 2020 more than 180 days having elapsed since the filing of her charge, and the MCHR issued plaintiff a notice informing her of her right to sue defendant in federal court. This notice is incorporated herein by reference and attached hereto as Exhibit 1;

6. On or about February 6, 2020, more than 180 days having elapsed since the filing of her charge, and the EEOC issued plaintiff a notice informing her of her right to sue defendant in state court. This notice is incorporated herein by reference and attached hereto as Exhibit 2;

7. Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). Jurisdiction of the claim under Missouri is invoked pursuant to the diversity jurisdiction of the Court. The amount in controversy exceeds $75,000;

8. As the unlawful employment practices complained of herein occurred within the Eastern District of Missouri venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3);

**PARTIES**

9. Plaintiff was employed by Cox for over eleven years until the involuntary termination of her employment on or about April 9, 2019;

10. Defendants AutoTrader, LLC and Cox Automotive, LLC are wholly owned subsidiaries of Cox Enterprise, Inc. which maintains its principal place of business in the City of Atlanta, Georgia and is registered as an active for-profit corporation having jurisdiction in Delaware.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. Plaintiff was hired by Cox in 2007 as an advertising consultant;

12. Throughout her employment, Plaintiff distinguished herself professionally, was promoted six times, received regular salary increases, and participated in the annual bonus plan;

13. Liuzza received the following award during her employment: the 2014 Sales Leader of the Year, the 2013 SPARK Award, the 2011 Simply Outrageous Service Award, the 2011 Central Division Game Changer Award New Car Growth, and the 2011 Central Division Game Changer Award Alpha Growth;

14. In April of 2019, Liuzza's employment was terminated without just cause and without any plausible explanation;

15. Prior to the termination of her employment, Cox decided to restructure certain roles by consolidating certain Director roles (such as the one held by Liuzza) into Assistant Vice President Positions;

16. Liuzza was granted an Assistant Vice President role at first, but eventually terminated from that position less than a month later, on or about April 9, 2019;

17. Cox accused Liuzza of having gained an unfair advantage in the interview process for various Assistant Vice President roles. Specifically, Cox alleged that Liuzza was improperly given certain potential interview questions prior to the interview. In reality, these questions were made available to all Director level employees;

18. Despite the fact the interview questions were widely available, Liuzza was the only individual targeted for allegedly having an unfair advantage;

19. Ultimately, Liuzza's position was given to Lee Klein, who scored lower than Liuzza in the application process;

20. Additionally, when Cox found out that one of its male Directors, Gabe Sanchez, missed the application window, that window was re-opened to accommodate his application. Sanchez was eventually promoted to one of the Assistant Vice President roles;

21. Liuzza accumulated significant Long-Term Incentive Plan ("LTIP") sums throughout her employment that were never paid out;

22. Specifically, Liuzza is entitled to vested LTIP from 2017, 2018, and part of 2019;

23. For 2017, Liuzza earned an LTIP sum of approximately $38,758.00 that remains unpaid;

24. For 2018, Liuzza earned an LTIP sum of approximately $36,900.00 that remains unpaid;

25. Liuzza does not know the amount of earned LTIP from 2019, but that also remains unpaid;

26. Cox's practice is to negotiate payout of unpaid LTIP upon any employee's departure from the Company, or upon the termination of his or her employment. Here, Cox never engaged Liuzza in any such discussions, despite repeated attempts by her and her attorneys to do so;

27. Cox's practice is also to offer severance to all Director and Assistant Vice President level employees upon any employee's departure from the Company, or upon the termination of his or her employment. Here, Cox never engaged Liuzza in any such discussions, despite repeated attempts by her and her attorneys to do so;

28. In the case of Liuzza's male counterparts, LTIP and severance were always paid;

29. At or about the same time as Liuzza was terminated, Cox terminated 7 male executives who were all given LTIP and severance;

30. Liuzza's post-employment life has been encumbered by a Non-Compete Agreement which has prevented her from seeking similar employment in the automotive industry for one year.

## COUNT I – Violation of Title VII on the Basis of Sex

31. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 30 of this Complaint with the same force and effect as if set forth herein;

32. Defendants have discriminated against plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Title VII;

33. Plaintiff is a member of a protected class based on her female gender, and Defendants were aware of this;

34. Plaintiff was qualified for all positions she held while employed by Defendants;

35. Defendants gave better treatment to similarly situated employees outside of Plaintiff's protected class by offering standard severances to similarly-situated males, negotiating LTIP payouts with similarly-situated males, and not terminating the employment of similarly-situated and lesser qualified males;

36. Defendants' decision to fail to pay out vested LTIP to Plaintiff was motivated by her sex;

37. Defendants' decision to not offer at least a standard severance to Plaintiff was motivated by her sex;

38. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## COUNT II – Violation of the Missouri Human Rights Act on the Basis of Sex

39. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 38 of this Complaint with the same force and effect as if set forth herein;

40. Defendants' decision to terminate Plaintiff's employment was motivated by her sex;

41. Defendants' decision to fail to pay out vested LTIP to Plaintiff was motivated by her sex;

42. Defendants' decision to not offer at least a standard severance to Plaintiff was motivated by her sex;

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

## Count III - Violation of the Equal Pay Act

44. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 43 of this Complaint with the same force and effect as if set forth herein;

45. Plaintiff's male counterparts were paid greater wages, specifically with respect to LTIP payout and severance payments;

46. Plaintiff's male counterparts who were paid greater wages performed substantially equal work in substantially similar positions and under similar working conditions. Those male counterparts were paid out severances and LTIP sums received such consideration even after the terminations of their employment, which is all in stark contrast to the treatment endured by Liuzza;

47. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## Count IV – Breach of Contract

48. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 48 of this Complaint with the same force and effect as if set forth herein;

49. Plaintiff's employment was governed by an employment contract;

50. That contract entitled Plaintiff to receive LTIP payouts as identified above;

51. Defendants breached the Agreement by failing to payout LTIP sums for 2017, 2018, and 2019;

52. Defendants' violation was knowing, willful, and wanton, and deserving of an award for punitive damages assessed against Defendants.

## Count V – Unjust Enrichment

53. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 53 of this Complaint with the same force and effect as if set forth herein;

54. Plaintiff employment with Defendants conferred a benefit upon Defendants;

55. Defendants accepted the benefit of Plaintiff's work and retained her employment for approximately twelve years;

56. Defendants accepted an additional benefit of Plaintiff's work by retaining earned and vested LTIP sums and failing to pay those out to the Plaintiff;

57. Defendants' retention of these sums, consisting of vested LTIP sums, is inequitable under the circumstances;

58. Permitting the Defendants to retain these sums would unjustly benefit the Defendants and deprive Ms. Liuzza of the money she earned by working for the Defendants;

59. Plaintiff seeks to recover the full amount of earned and vested LTIP sums, as well as associated damages and interest as permitted under Federal law;

60. Defendants' violation was knowing, willful, and wanton, and deserving of an award for punitive damages assessed against Defendants;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII;

(b)  Enjoining and permanently restraining these violations of Title VII;

(c)  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)  Directing Defendant to place Plaintiff in the position she would have occupied but for defendant's discriminatory and retaliatory treatment of her, and make her whole for all severance she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, stock options, pension, and other lost benefits;

(e)  Awarding Plaintiff compensatory and punitive damages in excess of the amount of $1,000,000.00

(f)  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(g)  Declaring that the acts and practices complained of herein are in violation of Missouri Law.

(h)  Directing Defendant to pay plaintiff compensatory damages and damages for her mental anguish and humiliation; and

(i)  Granting such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

*McMichael, Logan, Schaeffer, & Gilpin*

*/s/ J. Clayton Schaeffer*

J. Clayton Schaeffer, 67444MO
12166 Old Big Bend Rd., Suite 99
Kirkwood, MO 63122
(636) 532-1400
(888) 823-1441 (fax)
clay@mcmichael-logan.com
*Attorney for Plaintiff*